[Civ. No. 19377. Second Dist., Div. One. Dec. 11, 1952.]

MARY R. PRESCOTT, Appellant, v. RALPHS GROCERY COMPANY, Respondent.

Kenny & Morris and Eleanor V. Jackson for Appellant.

Moss, Lyon & Dunn and Richard B. Coyle for Respondent.

THE COURT.—Pursuant to rule 12 of Rules on Appeal, respondent makes application for correction of a claimed omission in the reporter's transcript on appeal.

In the affidavit supporting the application respondent's counsel avers that he did not check the instructions as reported in the reporter's transcript "word by word" until appellant in her opening brief claimed error in an instruction as set forth in the reporter's transcript.

Respondent presents to us a certified copy of B.A.J.I. Instruction No. 149 on file in the records of this cause in the office of the clerk of the superior court, and which reads as follows:

"Conduct which is in violation of Sec. 56-08 (e) Los Angeles Municipal Code just read to you constitutes negligence per se. This means that if the evidence supports a finding, and you do find, that a person did so conduct himself, it requires a presumption that *he* (*or*) (she) was negligent. However,

such presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence. In this connection, you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him, without moral fault, to do otherwise.''

Respondent asserts that the reporter's transcript erroneously records said instruction by failing to include the words ''he (or)'' immediately preceding the word ''she'' in the second sentence of the aforesaid instruction, and which words we have italicized. That the aforesaid B.A.J.I. instruction was given by the trial court as above set forth. That because of appellant's claim of error in the omission of the words ''he (or)'' it is important that the reporter's transcript be corrected to show that the said words were included in the instruction as given.

In the affidavit filed in opposition to the application, one of appellant's counsel avers that ''upon the presentation of the reporter's transcript affiant carefully went over the instructions in the said transcript because affiant of her own knowledge had remembered or believed that she remembered that certain of the instructions were misread, and accordingly consulted with reporter, Eva S. Jordan, on said subject prior to approving the reporter's transcript. Affiant specifically noticed in said transcript the fact that the court had misread an instruction given on its own motion which appeared in the reporter's transcript at page 112, lines 21-26, and page 113, lines 1-9.

''Affiant is further of the opinion that the court did in fact read the instruction as it presently appears in the reporter's transcript and so alleges.''

Appellant's counsel in her affidavit further avers that following the filing of the aforesaid application by respondent, she, said counsel, again spoke with the aforesaid reporter, and that the latter reread to counsel her notes, and stated that with regard to such instruction her notes read as follows:

''Conduct which is in violation of Section 26.08 (c) of the Los Angeles Municipal Code just read to you constitutes negligence per se. This means that if the evidence supports a finding and you do find, that a person did so conduct himself, it requires his (sic) presumption that he was negligent.''

■ From the foregoing, this court is now confronted with three different versions of the aforesaid B.A.J.I. Instruction No. 149. It is manifest that we are in no position to determine in what language the instruction was framed when actually given by the trial court.

In her opening brief on appeal appellant asserts that the instruction which was given by the court on its own motion as to the applicability of the provisions of the Los Angeles Municipal Code "implied that its terms required a presumption that the plaintiff-appellant was negligent. This implication is made because appellant was the only person the court could have meant when it referred to 'she.' "

It should be noted that nowhere in the record does it appear that the correctness of the instructions appearing in the reporter's transcript was certified to by the trial judge. No request for correction of the transcript on appeal having been filed within the time allowed therefor, the county clerk of Los Angeles County, pursuant to rule 8 (a) of Rules on Appeal, certified to the correctness of said reporter's transcript.

Therefore, said application, together with the opposition thereto and all affidavits filed in connection therewith, is hereby referred to Honorable Otto J. Emme, Judge of the Superior Court of the State of California in and for the County of Los Angeles, who presided at the trial, with directions to certify to this court a true copy of the instruction as actually given by him to the jury at the trial of this cause.