[Civ. No. 19377. Second Dist., Div. One. Jan. 22, 1953.]

MARY R. PRESCOTT, Appellant, v. RALPHS GROCERY COMPANY, Respondent.

Kenny & Morris and Eleanor V. Jackson for Appellant.

Moss, Lyon & Dunn and Richard B. Coyle for Respondent.

THE COURT.—Pursuant to rule 12 of Rules on Appeal, respondent makes application for correction of a claimed omission in the reporter's transcript on appeal.

For a statement of the factual background and the reasons upon which this application is predicated, see *Prescott* v. *Ralphs Grocery Co.,* 114 Cal.App.2d 655 [250 P.2d 690], wherein this court referred the application, together with the opposition thereto, and all affidavits in connection therewith, to Honorable Otto J. Emme, Judge of the Superior Court in and for the County of Los Angeles, who presided at the trial, with directions to certify to this court "a true copy of the instruction as actually given by him to the jury at the trial of this cause."

Pursuant to the foregoing reference, the trial judge in his certificate to this court states:

"I do hereby certify that I have no present recollection of the instruction in question, but to the best of my ability and recollection I am satisfied that I read the instruction B.A.J.I. #149 as said instruction appears in the files of the County Clerk of Los Angeles County, a certified copy of which is contained in the application filed in your Court for correction of an alleged omission in the reporter's transcript (Rule #12, Rules on Appeal).

"I do further certify that when I read the instruction in question I had before me the aforesaid B.A.J.I. instruction and read it as it appears in the printed form.

"For the foregoing reasons, I hereby certify that to my best recollection the aforesaid certified B.A.J.I. instruction #149 is the instruction I gave to the jury in the above entitled cause."

 Since the reporter's transcript here involved was not certified by the trial judge, no request for correction of the transcript on appeal having been filed within the time allowed therefor, and the same having been certified to by the county clerk of Los Angeles County pursuant to rule 8(a) of Rules on Appeal, we are satisfied that the certificate of the trial judge as to what he actually said to the jury should be accepted as a substitute for what the reporter has allegedly erroneously stated was said to the jury.

It is therefore ordered that the application for correction of the reporter's transcript be granted, to show that the instruction in question as given to the jury was as follows:

"Conduct which is in violation of Sec. 56-08-(e) Los Angeles Municipal Code just read to you constitutes negligence per se. This means that if the evidence supports a finding, and you do find, that a person did so conduct himself, it requires a presumption that he or she was negligent. However, such presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence. In this connection you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him, without moral fault, to do otherwise."